THE PEOPLE OF THE STATE OF NEW YORK ex rel. PETER SEERY,
Relator, v. THOMAS STURGIS, as Fire Commissioner of the Fire
Department of the City of New York, Respondent.

*Fire marshal of the city of New York — he can be removed only after a trial upon
written charges.*

A fire marshal of the city of New York appointed pursuant to section 779 of
the Greater New York charter (Laws of 1897, chap. 378), could not, after that
section was amended by chapter 466 of the Laws of 1901, be summarily
removed by the fire commissioner.

The amended section, which provides, "The fire commissioner is hereby author-
ized to appoint and remove a fire marshal for the boroughs of Manhattan, The
Bronx and Richmond, and a fire marshal to be seated in Brooklyn and to
exercise his powers within the boroughs of Brooklyn and Queens. Said fire
marshals shall be members of the uniformed force of the fire department of
the city of New York, and within such boroughs, respectively, to which they
may be assigned," must be construed in subordination to section 739 of the
Greater New York charter, which provides that members of the uniformed
force shall be removed only after a trial upon written charges.

INGRAHAM, J., dissented.

CERTIORARI issued out of the Supreme Court and attested on the
16th day of May, 1902, directed to Thomas Sturgis, as fire com-
missioner of the fire department of the city of New York, requir-
ing him to certify and return to the office of the clerk of the county
of New York all and singular his proceedings had in relation to the
removal of the relator from the position of fire marshal of the
boroughs of Manhattan, Richmond and The Bronx.

*Stephen J. O'Hare*, for the relator.

*Terence Farley*, for the respondent.

HATCH, J.:

It appears by the return to the writ that the relator was appointed
a fire marshal on the 10th day of March, 1898, pursuant to the pro-
visions of section 779 of chapter 378 of the Laws of 1897. By the
provisions of that section the fire commissioner was authorized to
appoint and remove a fire marshal for the boroughs of Manhattan,

The Bronx and Richmond, the territory in which relator performed his duties. By the Laws of 1901, chapter 466, section 779 of chapter 378 of the Laws of 1897 was amended so as to read as follows :

" The fire commissioner is hereby authorized to appoint and remove a fire marshal for the boroughs of Manhattan, The Bronx and Richmond, and a fire marshal to be seated in Brooklyn and to exercise his powers within the boroughs of Brooklyn and Queens. Said fire marshals shall be members of the uniformed force of the fire department of the city of New York, and within such boroughs, respectively, to which they may be assigned, shall have and possess all the powers heretofore conferred by law upon the fire marshal of the corporation heretofore known as the mayor, aldermen and commonalty of the city of New York."

On January 14, 1902, the fire commissioner notified relator that he proposed to remove him, and allowed the relator an opportunity of making an explanation before taking action in the premises. Upon such hearing discussion was had between the fire commissioner and the relator, which related mainly to the power of the commissioner to remove the relator summarily, it being the contention of the commissioner that the power of summary removal still existed by virtue of the provisions of section 779, and of the relator that no such power existed, for the reason that the amendment made the relator a member of the uniformed force and that he could only be removed for cause upon charges and after a trial. Following this debate the commissioner issued an order removing the relator from his position, to take effect on the 18th day of January, 1902. Thereafter, and on May sixteenth of the same year, the relator procured to be allowed upon his petition therefor this writ for the purpose of reviewing the action of the commissioner. It cannot be doubted, we think, but that the effect of the amendment of 1901 was to make the fire marshals members of the uniformed force of the fire department of the city of New York from and after the date when such amendment took effect. Such is its express language. Being members of the uniformed force they became subject to the obligations which devolved upon them in such relation and entitled to all of the protection which the law throws around such members. Section 739 of the revised Greater New York charter provides for

the government and discipline of the fire department. It is provided therein that "officers and members of the uniformed force shall be removable only after written charges shall have been preferred against them, and after the charges shall have been publicly examined into, upon such reasonable notice of not less than forty-eight hours to the person charged, and in such manner of examination as the rules and regulations of the fire commissioner may prescribe." This provision is absolute and mandatory and is unlimited in its application, the only requirement being that the person proceeded against must be a member of the uniformed force. Being such member, he is to be protected in all of his rights and privileges as such. (*People ex rel. Brymer* v. *Gray*, 32 App. Div. 463.) In view of this provision of the revised charter, we think the 1st sentence of section 779 must be read in subordination to section 739, and that by virtue of these two provisions the power of removal can only be exercised by the commissioner after a trial upon charges sustained by proof, otherwise the protection guaranteed to members of the uniformed force will fail. This view harmonizes the two provisions, still retains the power in the commissioner and protects the right of the relator as a member of the uniformed force. It follows from these views that the action of the fire commissioner in summarily removing the relator was without authority of law.

The proceedings should, therefore, be annulled and the relator be reinstated in his position as fire marshal, with fifty dollars costs and disbursements.

VAN BRUNT, P. J., PATTERSON and LAUGHLIN, JJ., concurred; INGRAHAM, J., dissented.

INGRAHAM, J. (dissenting):

I think the action of the defendant should be affirmed. By section 779 of the charter of 1897 (Laws of 1897, chap. 378) the fire commissioner was authorized to appoint and remove a fire marshal for the boroughs of Manhattan, The Bronx and Richmond, and a fire marshal to be seated in Brooklyn to exercise his powers within the boroughs of Brooklyn and Queens. By the charter of 1901 (Laws of 1901, chap. 466) that section was amended by inserting after the provision authorizing the fire commissioner to

appoint and remove, the following clause: " Said fire marshals shall be members of the uniformed force." I think it was clearly the intention to provide that the fire marshals to be appointed in the future should be members of the uniformed force and not to make the fire marshals theretofore appointed when this amendment took effect members of such force. It is the " said fire marshals," that is, the fire marshals appointed under the authority of the section as amended, that were to be members of the uniformed force. Section 722 of the charter provides that " the officers and members of the uniformed force and legally appointed firemen in the corporation formerly known as the mayor, aldermen and commonalty of the city of New York and in the city of Brooklyn and in the city of Long Island City, are hereby made members of the fire department of the city of New York, as hereby constituted, and shall be assigned to duty therein by the fire commissioner, with the rank and grade now held by them respectively, as nearly as may be practicable." Section 727 provides that the fire commissioner shall have power to organize the fire department into such bureaus as may be convenient and necessary for the performance of the duties imposed upon him, and one bureau provided for in the section is to be charged with the investigation of the origin and cause of fires, the principal officers of which shall be called " fire marshals." Section 728 gives to the fire commissioner power to select the heads of bureaus and assistants and as many officers and firemen as may be necessary, provided, however, that assignments to duty and promotions in the uniformed force shall be made by the fire commissioner upon the recommendation of the chief of the department, and the section provides that promotions of officers and members of the force shall be made by the fire commissioner as provided in section 124 of the act on the basis of seniority, meritorious service in the department and superior capacity as shown by competitive examination. It is members of the uniformed force as thus appointed from whom the fire marshals were to be selected as provided for by section 779 of the revised charter, and the object of that amendment was not, in my opinion, to make the individuals who held the office of fire marshal when the amendments went into effect members of the uniformed force. I think the commissioner had power to remove the fire marshal, but in making an appointment to the vacancy thus

caused he was required to select the appointee from the uniformed force, and he could then only remove the person so appointed from his position of fire marshal, which would relegate him to his former position in the uniformed force.

Proceedings annulled and relator reinstated, with fifty dollars costs and disbursements.